IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Case No. 09-cv-01102-PAB-MJW

TRICIA L. MULLINS,

    Plaintiff,

v.

THE CITY OF WOODLAND PARK, et al.,

    Defendants.

## ORDER

This matter is before the Court on defendant Officer Justin Janisse's motion to dismiss all claims except the claim for violation of fourth amendment rights ("Janisse's Mot.") [Docket No. 20] and defendants City of Woodland Park and Robert Larson's partial motion to dismiss ("Defs.' Mot.") [Docket No. 22]. The motions are fully briefed and ripe for disposition.

**I. BACKGROUND**

The following facts are taken from plaintiff Tricia L. Mullins' Complaint [Docket No. 1] and are presumed to be true for purposes of this motion. On May 17, 2007, plaintiff's neighbor called Woodland Park animal control because plaintiff's dog had escaped from her yard. While the neighbor was speaking with the animal control officer, plaintiff, who was not feeling well that day, discovered that her dog had gotten out of her yard. Plaintiff retrieved her dog and returned it to her home. When the animal control officer arrived at plaintiff's home, plaintiff informed the officer that she

was not feeling well and requested that the officer return at a later date.  The officer then left.

Shortly thereafter, defendant Justin Janisse, a Woodland Park police officer, arrived at plaintiff's home and knocked on the door.  Plaintiff told Janisse that she was not feeling well and asked that Janisse return later.  Janisse walked around to the back of plaintiff's house and onto her back porch.  Plaintiff again told Janisse she did not feel well and asked that he return at a later date.  At this point, Janisse opened plaintiff's back door and entered her home.  Janisse walked through plaintiff's kitchen to the living room, grabbed plaintiff, pushed her to the ground, and attempted to drag her out of the house.

## II. STANDARD OF REVIEW

Dismissal of a claim under Rule 12(b)(6) is appropriate where the plaintiff fails to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6).  For a complaint to state a claim it must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. (8)(a)(2).  Rule 8(a)'s "short and plain statement" mandate requires that a plaintiff allege enough factual matter that, taken as true, makes his "claim to relief . . . plausible on its face." *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v.*

*Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (quoting *Sutton v. Utah St. Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999)).  In doing so, the Court "must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff."  *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007).  At the same time, however, a court need not accept conclusory allegations.  *Moffet v. Halliburton Energy Servs., Inc.*, 291 F.3d 1227, 1232 (10th Cir. 2002).

Generally, "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'"  *Erikson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555) (omission marks omitted).  The "plausibility" standard requires that relief must plausibly follow from the facts alleged, not that the facts themselves be plausible.  *Bryson*, 534 F.3d at 1286.

However, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief."  *Ashcroft v. Iqbal*, ---U.S. ----, 129 S. Ct. 1937, 1950 (2009) (internal quotation marks and alteration marks omitted).  Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory."  *Bryson*, 534 F.3d at 1286 (alteration marks omitted).

## III.  DISCUSSION

Plaintiff raises eleven claims for relief.  The first, second, third, fifth, sixth, seventh, ninth, and eleventh claims are against Janisse, who moved to dismiss all the claims against him but the first to the extent that it has alleged violation of the Fourth Amendment.  In response to Janisse's motion, plaintiff concedes that her second,[1] sixth, seventh, ninth, and eleventh claims should be dismissed along with any allegations based on violation of her Fifth or Eighth Amendment rights.  As a result, the only claims in dispute for purposes of this motion between plaintiff and Janisse are the third claim for relief alleging violation of plaintiff's "statutory civil rights" and her fifth claim for relief alleging a conspiracy to violate her "statutory civil rights."

Plaintiff brings the fourth, fifth, eighth, and tenth claims for relief against the City of Woodland Park and the fourth and fifth claims for relief against defendant Larson.  In regard to Woodland Park, plaintiff now concedes that her eighth and tenth claims for relief should be dismissed.  Furthermore, she concedes that her fourth claim for relief may not assert violations of the Fifth and Eighth Amendment against Woodland Park or Larson.[2]  Therefore, for purposes of the present motion, the only contested claim

---

[1] Plaintiff's second claim for relief sought recovery of exemplary damages.  In her response, plaintiff concedes that this claim should be dismissed, but argues that she "should not be denied the opportunity to seek those damages." Pl's Response to Janisse's Mot. [Docket No. 25] at 3.  Janisse, however, "is not seeking to strike or dismiss this assertion, but moves only to dismiss any separate cause of action for exemplary damages."  Janisse's Reply [Docket No. 33] at 2.

[2] To the extent plaintiff's fifth claim for relief can be read as a state court claim, she concedes that it is barred as to defendant Larson.  Pl.'s Response to Defs.' Mot. [Docket No. 26] at 4.

remaining between plaintiff and defendants Woodland Park and Larson is the fifth claim for relief alleging a conspiracy in violation of plaintiff's "statutory civil rights."

Turning to plaintiff's third claim for relief against Janisse, she simply alleges that his conduct violated her "statutory civil rights." She now asserts, in response to Janisse's motion to dismiss, that by incorporating an earlier reference in the complaint to 42 U.S.C. § 1983 she has adequately pled a separate claim for relief. Section 1983 "authorizes suits to enforce individual rights under federal statutes as well as the Constitution." *City of Rancho Palos Verde, Cal. v. Abrams*, 544 U.S. 113, 119 (2005). In her first claim for relief, plaintiff seeks recovery for violation of her Fourth Amendment rights arising out of the same conduct. Plaintiff has failed to allege any other violation of federal statutory or constitutional rights in her third claim for relief. Therefore, generously construed, plaintiff's third claim for relief against Janisse is nevertheless duplicative of her first and shall be dismissed.

Plaintiff's conspiracy claim against Janisse and defendants Woodland Park and Larson must also be dismissed. She alleges that "The City of Woodland Park, its officers, agents, and council members, its Chief of Police, and Defendant Janisse[] conspired to violate Plaintiff's statutory civil rights in violation of 42 U.S.C. § 1983, for which Defendant Janisse is individually liable." Compl. [Docket No. 1] at 7, ¶ 35. In support of her conspiracy claim, plaintiff alleges that Woodland Park (1) "permitted and tolerated a pattern and practice of unreasonable use of force by [its] police officers," (2) "maintained a system of review of police conduct so untimely and cursory as to be ineffective and to permit and tolerate the unreasonable and excessive use of force by its police officers," and that its (3) "acts, omissions, systemic flaws, policies, and

customs . . . caused [its] police officers to believe that the excessive and unreasonable use of force would not be aggressively, honestly, and properly investigated, with the foreseeable result that officers are more likely to use excessive or unreasonable force against Plaintiff and others in the future." Compl. at 4, ¶¶ 21, 22, 23; *see* Pl.'s Response to Janisse's Mot. at 5 ("Certainly Defendant cannot deny that there were certain policies and practices in place to train, direct, supervise, or control his employment as a police officer that would prevent the sort of thing that happened to Plaintiff.").

There are simply no factual allegations that support a plausible conspiracy claim against any of the defendants. As an initial matter, as Janisse points out in his reply, the allegations "appear to be related to a separate municipal liability claim against the City and Chief Larson." Janisse's Reply [Docket No. 33] at 3. The complaint fails to offer even "'a formulaic recitation of the elements'" of a conspiracy claim – which, in any event, would have been insufficient on its own – not to mention "sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555, 570). At best, the complaint "offers 'labels and conclusions'" and "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citing *Twombly*, 550 U.S. at 555, 557)*.* Consequently, plaintiff's fifth claim for relief must be dismissed.

## IV. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that the partial motions to dismiss [Docket Nos. 20, 22] are GRANTED. It is further

**ORDERED** that plaintiff's second, third, fifth, sixth, seventh, eighth, ninth, tenth, and eleventh claims for relief are dismissed. It is further

**ORDERED** that plaintiff's first and fourth claims for relief remain only to the extent they allege violations of Fourth Amendment rights.

DATED December 14, 2009.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge